# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JERALD WIGGINS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>METROPOLITAN GOVERNMENT OF )<br>NASHVILLE-DAVIDSON COUNTY, )<br>TENNESSEE, et al., )<br>)<br>Defendants. ) | No. 3:14-cv-01950<br>Senior Judge Haynes |

## MEMORANDUM

Plaintiff, Jerald Wiggins, filed this action under 42 U.S.C. §§ 1983 and 1985 against the Defendants: Metropolitan Government of Nashville-Davidson County, Tennessee ("Metro"); Kevin Crotts; Matthew Norris; James Dunaway; William Hampton; Keith McNamara; Tim Brewer; and Logan's Roadhouse, Inc. ("Logan's"). Plaintiff's claims arise out of his arrest in a Logan's parking lot and subsequent alleged body cavity search inside the Logan's restroom that Plaintiff contends violated his rights under the Fourth and Fourteenth Amendments and Tennessee state law.

Plaintiff's claim against Defendant Metro seeks municipal liability under § 1983 for violations of the Fourth and Fourteenth Amendments and a state law claim under Tenn. Code Ann. § 40-7-121 that provides that "[n]o person shall be subjected to a body cavity search by a law enforcement officer . . . unless the search is conducted pursuant to a search warrant." As to Defendants Crotts, Norris, Dunaway, Hampton, McNamara, and Brewer, Plaintiff asserts claims for unreasonable detention and unlawful rectal search in violation of the Fourth and Fourteenth Amendments, a § 1985 conspiracy claim, and a state law claim for an improper body cavity search under Tenn. Code Ann. § 40-7-121. Against Defendants Crotts and Norris, Plaintiff asserts an

additional state law claim for assault and battery. Plaintiff asserts a § 1983 claim against Logan's, as well as a state law negligence claim.

Before the Court are Norris's partial motion to dismiss (Docket Entry No. 59); Logan's motion to dismiss (Docket Entry No. 62); Crotts's partial motion to dismiss (Docket Entry No. 68); Brewer's, Hampton's, and Dunaway's motion to dismiss (Docket Entry No. 71); Metro's motion to dismiss (Docket Entry No. 75); McNamara's motion to dismiss (Docket Entry No. 79); the Magistrate Judge's Report and Recommendation (Docket Entry No. 99) that recommends granting Defendants' motions; and Plaintiff's motion for de novo review and objection to the Report and Recommendation (Docket Entry No. 100).

Plaintiff alleges that on or about October 7, 2013, he was parked at a Logan's Roadhouse restaurant located at 1715 Gallatin Pike North, Madison, Tennessee, when one or more of the individually named police officers approached and accused him of engaging in criminal conduct. (Docket Entry No. 53, Amended Complaint, at ¶ 13). Crotts questioned Jackie Carter, an individual parked adjacent to Plaintiff, and Carter stated that Plaintiff sold him drugs, prompting officers to arrest and handcuff Plaintiff. Id. at ¶¶ 14-15. Plaintiff alleges that four to five of the individually named officers began putting on purple surgical gloves and started chanting "nuts and butts, nuts and butts," and Crotts told Plaintiff that he would be taken into the Logan's restroom to be searched. Id. at ¶¶ 18-19. Plaintiff alleges, among other things, that once in the restroom Crotts and Norris conducted a non-consensual search of his rectum for drugs. Id. at ¶¶ 23-26, 31-32.

The record reflects that Plaintiff was subsequently charged in a two count indictment. Count One charged Plaintiff with possession with intent to sell or deliver .5 grams or more of a substance containing cocaine, and Count Two charged Plaintiff with selling less than .5 grams of a substance

2

containing cocaine. (Docket Entry No. 62-1). Plaintiff filed a motion to suppress the seizure of the evidence obtained against him pursuant to the search of his body. (Docket Entry No. 62-2 at 2). Plaintiff stated that he sought "an order suppressing all evidence obtain against him pursuant to, and as poisonous fruit of, the search of his body." Id. Plaintiff asserted that "the search of his body, specifically his rectum and surrounding areas, was made without consent, without probable cause, and in violation of his rights against bodily searches, including his rights under the Fourth Amendment . . . and T.C.A. 40-7-121." Id. Plaintiff stated that "[b]oth charges arise from events that occurred on October 7, 2013." Id. at 4.

The state court stated, "The [Plaintiff] is charged with one count of Possession of a Controlled Substance with Intent for Resale and one count of Sale of a controlled Substance." (Docket Entry No. 62-3 at 1). The state court determined that Plaintiff consented to the search and that "the baggie containing the narcotics was visible outside of his buttocks and that the officers did not enter his body cavity in order to retrieve the drugs." Id. at 7. Denying the motion to suppress, the state court concluded, "Therefore, the Court finds that the stop, arrest, and seizure of the evidence were lawful within the protections of the Fourth Amendment based upon consent, reasonable suspicion and probable cause to arrest. Furthermore, there was no violation of T.C.A. § 40-7-121." Id.

Plaintiff subsequently entered into a plea agreement in which he pled guilty to Count Two of selling less than .5 grams of a substance containing cocaine, and the agreement reflects that the government dismissed Count One, possession with intent to sell or deliver .5 grams or more of a substance containing cocaine, by *nolle prosequi*. (Docket Entry No. 62-4 at 3). According to the agreement, the sentencing range for Count One was 8 to 30 years, and for Count Two the range was

3

3 to 15 years. Id. at 2. Plaintiff was sentenced on Count Two to eight years with release eligibility at thirty-five percent of his sentence. (Docket Entry No. 62-1 at 5).

Defendant Logan's asserts that pursuant to Fed. R.Civ. P. 12(b)(1) and (6) Plaintiff's claims should be dismissed because Plaintiff's claims implicate the validity of the judgment imposed upon him by the criminal court relating to the search, arrest and conviction arising from the events at issue in this action. Logan's contends that when the criminal court denied Plaintiff's motion to suppress the court made clear that it was denying Plaintiff's motion as to both charges. Logan's further argues that "Plaintiff's plea agreement confirms that a judgment in his favor in this Court 'would necessarily imply the invalidity of his conviction or sentence' in the Criminal Court because the plea agreement shows that his Count 1 charge was not pursued by the prosecution because Plaintiff pleaded guilty to the Count 2 charge." (Docket Entry No. 63 at 14).

Fed. R. Civ. P. 12(b)(1) provides for dismissal of a claim for lack of subject matter jurisdiction that may consist of either a "facial attack" or a "factual attack." O'Bryan v. Holy See, 556 F.3d 361, 375 (6th Cir. 2009).

> "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." And, "[w]hen reviewing a facial attack, a district court takes the allegations in the complaint as true.... If those allegations establish federal claims, jurisdiction exists." However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."

Id. at 375-76 (citations omitted). "A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994). On a factual attack, "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence

and satisfy itself as to the existence of its power to hear the case." Id. (citation omitted). "[A] trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990). The plaintiff bears the burden of proof that jurisdiction exists under 12(b)(1). RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1134 (6th Cir. 1996). Here, the Court construes the motion as a factual attack.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted) (emphasis in original). "[A] Fourth Amendment claim can necessarily imply the invalidity of a conviction, and . . . if it does it must, under Heck, be dismissed." Wallace v. Kato, 549 U.S. 384, 395 n.5 (2007). "The Heck rule is analogous to collateral estoppel: an issue determined with finality in a full and fair adjudicative proceeding (and essential to the decision in that proceeding) cannot be reopened in a subsequent case." Moore v. Mahone, 652 F.3d 722, 723 (7th Cir. 2011).

Plaintiff argues that Heck is inapplicable to this action because the count associated with the drugs allegedly pulled from his rectum was dismissed. Therefore, Plaintiff argues that his claims cannot "necessarily imply the invalidity of" Count One because Count One was dismissed. Yet, Count One was dismissed pursuant to a plea agreement involving a related count.

In Wilkins v. City of Tempe, No. CV09-00752-PHX-MHM, 2010 WL 94116 (D. Ariz. Jan. 6, 2010), the plaintiff was arrested and charged with aggravated assault with a deadly weapon, possession of marijuana during a gun crime, and three counts of misconduct involving a weapon. Id. at *2. The plaintiff entered into a plea agreement and pled guilty to "the Class 6 Undesignated crimes of disorderly conduct and possession of drug paraphernalia charges." Id. The plaintiff later filed suit filed suit for violations of his constitutionally protected civil rights under 42 U.S.C. § 1983 and 42. U.S.C. § 1985, selective enforcement of state laws, defamation of character, intentional infliction of emotional distress, gross negligence, and failure to train. Id. at *1. The plaintiff argued that Heck did not apply because he did not plead guilty to the original charges against him, but instead to two different offenses; disorderly conduct and possession of drug paraphernalia. Id. at *2. The district court, however, concluded that "were Plaintiff to succeed on his § 1983 [claim], it would necessarily 'imply the invalidity of his conviction,' as an arrest violative of Equal Protection would certainly call his plea bargain into question." Id. The court stated:

> Maricopa County did not dismiss the charges against [the plaintiff] in exchange for his agreement to plead guilty to charges arising out of a separate and wholly unrelated incident. Instead, Plaintiff accepted a plea agreement that allowed him to resolve the charges that stemmed from the arrest that is the subject of his 1983 claim. The fact that the crimes which Plaintiff ultimately plead guilty to were not the ones with which he was originally charged is irrelevant; his conviction . . . arises out of the same incident that led to the original charges. Consequently, there is no way he can successfully challenge the constitutionality of his arrest without also demonstrating or implying the validity of his plea agreement. The Court, therefore, has no choice

6

but to dismiss Plaintiff's § 1983 claims against Defendants Wallace, Johnson, and the City of Tempe. For the same reasons, the Court must also dismiss Plaintiff's § 1985(3) claims, as Heck applies equally to them as well.

Id. at *3 (footnote omitted) (distinguishing Butler v. Compton, 482 F.3d 1277, 1278 (10th Cir. 2007) where the Tenth Circuit found that Heck did not bar plaintiff's § 1983 action where charges against plaintiff were dismissed as part of a plea agreement in which the plaintiff agreed to plead guilty to three *unrelated* burglary charges stemming from a completely different incident).

The Court finds the reasoning in Wilkins persuasive. Here, the search of Plaintiff for drugs was directly related to him being arrested for selling drugs to Carter, and Count One was dismissed pursuant to an agreement in which Plaintiff pled guilty to Count Two. See United States v. Moncivais, 492 F.3d 652, 662 (6th Cir. 2007) ("Plea agreements are contractual in nature, and as such, courts are guided by general principles of contract interpretation when construing plea agreements.").

Thus, the Court concludes that Plaintiff's claims should be dismissed because the Court lacks subject matter jurisdiction under Heck. See Hampton v. Marion, 98 F. App'x 410, 412 (6th Cir. 2004) (affirming district court's dismissal for lack of subject matter jurisdiction under Heck); Murphy v. Martin, 343 F. Supp. 2d 603, 609 (E.D. Mich. 2004) ("[B]ecause the complaint in this respect fails to state a cognizable federal claim [under Heck], the better approach is to dismiss it for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3)."); Robinson v. Booth, No. 2:14-CV-10201, 2014 WL 555196, at *2 (E.D. Mich. Feb. 11, 2014) ("When a prisoner's civil rights claim is barred by the Heck v. Humphrey doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3)."); Hobbs v. Cty. of Summit, No. 5:10CV2069, 2012 WL 359698, at *5 (N.D. Ohio Feb. 2, 2012)

(dismissing for lack of subject matter jurisdiction); but see English v. Ghee, 13 F. A'ppx. 306, 307 (6th Cir. 2001) (affirming dismissal under Rule 12(b)(6) as complaint was barred under Heck).

Moreover, "[t]he Supreme Court has held that issues decided in a state-court criminal proceeding may preclude relitigation of the same issues in a subsequent § 1983 action in federal court." Donovan v. Thames, 105 F.3d 291, 293 (6th Cir. 1997) (citing Allen v. McCurry, 449 U.S. 90, 102 (1980)). The Sixth Circuit has stated:

> In Allen, the respondent had been convicted in a state-court criminal proceeding in which he had moved to suppress certain evidence on the ground that it had been obtained in violation of his Fourth Amendment rights. The trial court denied the motion to suppress, and the respondent subsequently brought a § 1983 action in federal court against the officers who had seized the evidence. The Supreme Court held that the suit was barred by issue preclusion because the issue of a Fourth Amendment violation had been resolved against the respondent by the denial of his motion to suppress in the state-court criminal trial. The Court reasoned that issue preclusion was mandated in this context by the federal full faith and credit statute .
> . . .

Id. at 293 (citations omitted). Thus, "issues actually litigated in a state-court proceeding are entitled to preclusive effect in a subsequent federal § 1983 suit to the extent provided by the law of preclusion in the state where the judgment was rendered." Id. at 294.

"Collateral estoppel will apply where (1) the law of collateral estoppel in the state in which the issue was litigated would preclude relitigation of such issue, and (2) the issue was fully and fairly litigated in state court. Isibor v. City of Franklin, 149 F.3d 1183, No. 97-5729, 1998 WL 344078, at *3 (6th Cir. May 26, 1998) (citing Haring v. Prosise, 462 U.S. 306, 312-14 (1983)). Under Tennessee law, courts are to consider the following factors to determine the application of collateral estoppel:

> "(1) whether the issue decided in the prior adjudication was identical with the issue presented in the present action; (2) whether the prior adjudication resulted in a

judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit."

Id. (quoting Morris v. Esmark Apparel, Inc., 832 S.W.2d 563, 566 (Tenn. Ct. App. 1991)).

Here, the state criminal court concluded that Plaintiff consented to the search, that the drugs were visible outside of his buttocks and that the officers did not enter his body cavity in order to retrieve the drugs. (Docket Entry No. 62-3 at 1). The court concluded that there was not a violation of the Fourth Amendment or Tenn. Code Ann. § 40-7-121. As to the other three factors, the state trial court's ruling on Plaintiff's motion to suppress was on the merits, Plaintiff was the same party in the state court action and Plaintiff had a full and fair opportunity to litigate the issue in state court. Thus, this Court concludes that Plaintiff is collaterally estopped from asserting his claims in this action. Rehab Mgmt. Sols., LLC v. Diversa Care Therapeutics, Inc., No. 11-11990-BC, 2011 WL 4088300, at *3 (E.D. Mich. Sept. 14, 2011) ("The defenses of res judicata and collateral estoppel may be raised in a motion to dismiss pursuant to either Rule 12(b)(1) or 12(b)(6)," citing In re Graves, 282 F. App'x 432, 432-33 (6th Cir.2008)).

Accordingly, for these reasons, the Court concludes that Logan's motion to dismiss (Docket Entry No. 62) should be granted and Plaintiff's federal claims should be dismissed without prejudice for lack of subject matter jurisdiction and Plaintiff's state law claims should be dismissed without prejudice for lack of supplemental jurisdiction. Diehl v. Nelson, 198 F.3d 244, No. 98-2148, 1999 WL 1045076, at *1 (6th Cir. 1999).

An appropriate Order is filed herewith.

**ENTERED** this the 24th day of March, 2016.

WILLIAM J. HAYNES, JR.
Senior United States District Judge